UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X     ECF CASE

JONATHAN SMITH & MICHAEL SMITH

           13 CV 1336 (FJS)(CFH)

V.

OVERHEAD DOORS OF ALBANY, INC., DAVID
RIPLEY & KEN HARRINGTON

------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, JONATHAN SMITH & MICHAEL SMITH (herein as "Plaintiffs"),

and OVERHEAD DOORS OF ALBANY, INC. [which should read Overhead Door Company of

Albany, Inc.], DAVID RIPLEY, and KENNETH HARRINGTON (herein as "Defendants"),

desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or

by the Complaint and Amended Complaint in the above-captioned action (the "Lawsuit"), as

well as any other claim or proceeding involving Plaintiffs and any Defendant without further

litigation or adjudication;

WHEREAS, Plaintiffs and Defendants have chosen to enter into this Agreement

to avoid further proceedings with respect to any and all claims Plaintiffs made against

Defendants in this Lawsuit or could make in any case or forum and in all other respects to settle,

bar and waive any and all claims that Plaintiffs have or may have against Defendants;

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny

each and every allegation of wrongdoing, including, but not limited to, the allegations and

statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

1

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement and General Release (hereinafter the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and the parties understand and agree that Plaintiffs' assent to this Agreement shall not be construed in any way to be an admission by Plaintiffs of any wrongdoing or non-compliance; and,

WHEREAS, the Lawsuit between Plaintiffs and Defendants shall be dismissed in its entirety and with prejudice by the Court pursuant to the <u>Stipulation and Order of Final Dismissal with Prejudice</u> to be executed by counsel for Plaintiffs and counsel for Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

### 1. **Plaintiffs' Commitment**

In exchange for the promises set forth in paragraph "3" below, Plaintiffs agree as follows: Plaintiffs will execute all documents, including, but not limited to, the <u>Stipulation and Order of Final Dismissal with Prejudice</u>, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, suits, actions, charges, claims or proceedings against Defendants relative to any matter of any kind whatsoever existing or which could exist as of the date of the execution of this Agreement;

**2.    General and Unlimited Release of All Claims by Both Parties.**

Plaintiffs and Defendants hereby mutually release and forever discharge each other and each of their affiliates, subsidiaries, parent corporations and their respective agents, present and former directors, officers, executives, employees (including all employees mentioned in the Lawsuit), shareholders, and/or successors in interest, attorneys, heirs and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments, and suits of every kind and nature whatsoever as of the date of this Agreement, including but not limited to those arising out of Plaintiffs' employment with Overhead Door Company of Albany, Inc. and the termination of such employment. The claims, complaints and actions released include, but are not limited to, any claims for attorneys fees or claims of violations arising out of the Civil Rights Act of 1964 (42 U.S.C. Section 2000(s) et seq.), the Fair Labor Standards Act (29 U.S.C. Section 200 et seq.), Articles 6 and 19 of the NYS Labor Law, Article 15 of the NYS Executive Law, or any other relevant federal, state, or local statute or ordinance. Should any party sue the other for any claim or claims released in this Agreement, the other party may seek reasonable attorney's fees and costs.

**3.    Consideration.** In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all claims that the Plaintiffs have or may have against Defendants, Overhead Door Company of Albany, Inc. and David Ripley agree to pay to Michael and Jonathan Smith the gross total sum of Seventy-Five Thousand Dollars ($75,000.00), as set forth below:

i.    By or before October, 1, 2014, Overhead Door Company of Albany, Inc. and/or David Ripley shall pay the sum of Twenty Five Thousand Dollars ($25,000.00) to Plaintiffs' attorneys, Law Offices of Lauren Goldberg, PLLC, for attorneys fees;

ii. By or before January 1, 2015, Overhead Door Company of Albany, Inc. and/or David Ripley shall pay Michael Smith the sum of Fifteen Thousand Dollars ($15,000.00) and shall pay Jonathan Smith the sum of Ten Thousand Dollars ($10,000.00);

iii. By or before June 1, 2015, Overhead Door Company of Albany, Inc. and/or David Ripley shall pay Michael Smith the sum of Fifteen Thousand Dollars ($15,000.00) and shall pay Jonathan Smith the sum of Ten Thousand Dollars ($10,000.00).

iv. 1099 forms will be issued to Plaintiffs and to their attorney, Law Offices of Lauren Goldberg, PLLC (Tax ID No. 01-0933574).

v. The payments being made pursuant to this agreement represent compensatory damages from which Overhead Door Company of Albany, Inc. will not withhold any taxes.

vi. All payments made to Michael Smith shall be forwarded to him at 1076 New Loudon Road, Cohoes, NY 12047 and all payments made to Jonathan Smith shall be forwarded to him at 1076 New Loudon Road, Cohoes, NY 12047. Should either Plaintiff desire that any payment be forwarded to him at a different address, such Plaintiff shall advise David Ripley, in writing at 15 Corporate Park Drive, Clifton Park, NY 12065, of such address at least 15 days prior to the due date of any payment under the Agreement.

4. **Waiver of Overtime and Wage Claims.** The parties acknowledge the existence of a genuine and bona fide dispute under the Fair Labor Standards Act and the New York State Labor Law regarding the hours worked by Plaintiffs while employed by Overhead Door Company of Albany, Inc. as well as the compensation due, if any, to them for such hours worked. This Agreement finally resolves the parties' bona fide disputes regarding Plaintiffs' claim for overtime and wages to the satisfaction of the parties. Upon payment of the amount set forth in paragraph "3," Plaintiffs will have agreed to settle all their claims for wages and

4

overtime payments under the Fair Labor Standards Act and the New York State Labor Law and Plaintiffs agree not to commence any action or file any claim against Defendants for wages and overtime.

5. **Each party to pay its own costs and attorneys fees.** Except as set forth in paragraph "3" above, each party will bear its respective costs and fees, including attorneys fees incurred in the litigation of this matter. It is expressly agreed that the payments set forth above are inclusive of all attorney's fees, costs, disbursements, liquidated damages, punitive damages, and compensatory damages. Defendants shall pay the fees of the mediator in this case.

6. **No further employment with Overhead Door Company of Albany, Inc.** Michael Smith and Jonathan Smith hereby waive any right or claim to reinstatement as an employee of Overhead Door Company of Albany, Inc. and agree that they will not knowingly seek or accept employment in the future with Overhead Door Company of Albany, Inc. If, through mistake or inadvertence or otherwise, Michael Smith or Jonathan Smith apply for employment with Overhead Door Company of Albany, Inc. then he shall withdraw his application immediately upon notice without any recourse, legal or otherwise, and to the extent that Plaintiff has already been hired, he will resign immediately upon notice without any recourse, legal or otherwise.

7. **Enforcement of this Agreement.** The parties may enforce the terms of this Agreement in this Court against Overhead Door Company of Albany, Inc. and/or David Ripley only. If payment is not made pursuant to paragraph 3 of this Agreement and Plaintiffs are required to enforce the terms of this Agreement, the parties expressly agree that the Plaintiffs will be entitled to their attorneys fees in enforcing the terms of this settlement and collecting any Judgment obtained against Overhead Door Company of Albany, Inc. and David Ripley.

Plaintiffs will also be entitled to interest at the U.S. Treasury rate from the date of default should Overhead Door Company of Albany, Inc. and/or David Ripley default under the terms of this Agreement.

**8.** **Severability and Modification.** This Agreement may not be modified, altered or amended, except upon written consent of each of the parties hereto. Should any provision of this Agreement be held invalid or unenforceable by a Court of competent jurisdiction, the parties agree that the remaining provisions shall remain in full force in effect.

**9.** **Resolution of Disputes.** Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue, shall be resolved in a proceeding held in and before the United States District Court for the Northern District of New York, by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

**10.** **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

**11.** **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect. This Agreement will not become enforceable until executed by all parties.

## 12. Execution.

    a) The Plaintiffs confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel.

    b) All parties hereby acknowledge that they have the right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement. All parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below._____

Dated: _9 - 11_ , 2014          _Michael S Smith_
                                               Michael Smith

STATE OF NEW YORK )
                       ) ss:
COUNTY OF NEW YORK    )

    On this __11__ day of ~~August~~ Sept. 2014 before me personally came **Michael Smith,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

7

KATHLEEN R. FRANKO
Notary Public, State of New York
No. 01FR6060278
Qualified in Albany County
Commission Expires Sept. 09, 20_18_

Notary Public

Dated: _09_ /_11_____, 2014

Jonathan Smith

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On this _11_ day of ~~August~~ Sept. 2014 before me personally came **Jonathan Smith**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

Notary Public

KATHLEEN R. FRANKO
Notary Public, State of New York
No. 01FR6060278
Qualified in Albany County
Commission Expires Sept. 09, 20_18_

**OVERHEAD DOOR COMPANY OF ALBANY, INC.**

Dated: _____, 2014          By: _____
                                           David Ripley, President

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On this _____ day of August, 2014 before me personally came **David Ripley**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____

8

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK     )

    On this _____ day of August, 2014 before me personally came **Jonathan Smith,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public


                                         **OVERHEAD DOOR COMPANY OF ALBANY, INC.**

Dated: __9/5__, 2014           By: _____
                                       David Ripley, President

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK     )

    On this 5th day of ~~August~~ September, 2014 before me personally came **David Ripley,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

JOY M. SENECAL
NOTARY PUBLIC STATE OF NEW YORK
NO. 01SE6309398
SARATOGA COUNTY
COMMISSION EXP. 8/11/18

Dated: __9/5__, 2014         _____
                                     David Ripley

JOY M. SENECAL
NOTARY PUBLIC STATE OF NEW YORK
NO. 01SE6309398
SARATOGA COUNTY
COMMISSION EXP. 8/11/18

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK     )

On this ~~5th~~ day of ~~August~~ September, ~~2014~~ before me personally came **David Ripley,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: ___9/5___, 2014

_____
Kenneth Harrington

STATE OF NEW YORK )
                ) ss:
COUNTY OF NEW YORK    )

> JOY M. SENECAL
> NOTARY PUBLIC STATE OF NEW YORK
> NO. 01SE6309398
> SARATOGA COUNTY
> COMMISSION EXP. 8/11/18

On this ~~5th~~ day of ~~August~~ September, 2014 before me personally came **Kenneth Harrington,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

So Ordered:

_____
**Frederick J. Scullin, Jr.**
Senior U.S. District Court Judge
Dated: September 24, 2014

9